# Application of Federal Advisory Committee Act to Non-Governmental Consultations

The Federal Advisory Committee Act does not apply to the consultations that the Department of Defense plans to conduct with various individuals from outside the government regarding the policies and procedures that DoD is developing for military commissions.

December 7, 2001

LETTER OPINION FOR THE GENERAL COUNSEL
DEPARTMENT OF DEFENSE

You have asked for our opinion whether the Federal Advisory Committee Act ("FACA"), 5 U.S.C. app. (2000), applies to consultations that the Department of Defense ("DoD") plans to conduct with various individuals from outside the Government regarding the policies and procedures that DoD is developing for military commissions. Based on your description of the consultations that are contemplated, we conclude that FACA does not apply to the consultations.

Our conclusion is based on the following facts, which you have provided to us. The Secretary of Defense or his representative will, from time to time, consult selected non-governmental individuals concerning the policies and procedures that DoD is developing for military commissions. These discussions will generally occur on an individual by individual basis, which will not involve participation by more than one individual being consulted. If, on occasion, the Secretary or his representative talks with more than one individual at a time, they will solicit comments from the individuals as individuals, and will not solicit comments from them collectively as a group. DoD will not provide any staffing for the individuals who are consulted, although DoD will provide the individuals with materials relating to the consultations. Any written views that the individuals may submit will be submitted individually, not as a group. As appropriate, DoD may make public the fact that it has consulted with the individuals.

The basic question when determining whether FACA applies to an agency's non-governmental consultations is whether the agency has established or utilized a "committee, board, commission, council, conference, panel, task force, or other similar group" for the purpose of receiving advice or recommendations from the group. 5 U.S.C. app. § 3(2). To the extent that the consultations you contemplate are only with individuals on an individual basis, we do not believe there is any basis for concluding that FACA's threshold requirement—the existence of a "group"—has been met.

Moreover, to the extent that these consultations take place with more than one non-governmental individual at a time, we note that FACA certainly does not apply to every situation in which executive officers meet with and receive advice from more than one person at a time. Rather, to fall within FACA, the group of

people with whom the officers meet must have the attributes of a "committee, board, commission," etc., and its purpose must be to provide advice or recommendations as a group.

In other words, the group must have a collective function: It must have an advisory purpose as a group, not merely as a collection of individuals. By contrast, when an agency invites a number of individuals to a meeting in order to solicit the opinion of each person as an individual, FACA does not apply. *See Ass'n of Am. Physicians & Surgeons, Inc. v. Clinton*, 997 F.2d 898, 913 (D.C. Cir. 1993) ("a group is a FACA advisory committee when it is asked to render advice or recommendations, *as a group*, and not as a collection of individuals"); *Application of Federal Advisory Committee Act to Editorial Board of Department of Justice Journal*, 14 Op. O.L.C. 53, 53 (1990) ("the board would be subject to FACA if it deliberated as a body in order to formulate recommendations, but would not be subject to FACA if each individual member reviewed submissions to the journal and gave his own opinion about publication"); 41 C.F.R. § 102-3.40(e) (as amended by 66 Fed. Reg. 37,728, 37,735 (July 19, 2001)) (examples of groups that are not subject to FACA include "*Groups assembled to provide individual advice.* Any group that meets with a Federal official(s), including a public meeting, where advice is sought from the attendees on an individual basis and not from the group as a whole"). This is true even where the government officers have more than one meeting with such individuals, so long as the purpose of each meeting is to receive the individual input of each person present.

Based on your description of the circumstances under which DoD may consult more than one individual at a time, we do not believe that those individuals could be viewed as having the attributes of a group, which is the threshold requirement for triggering FACA. Moreover, even if they could be viewed as a group, FACA would not apply because you intend to ask for the individual opinions of whoever is consulted and will not solicit the advice or recommendations of those individuals as a group.

JAY S. BYBEE
*Assistant Attorney General*
*Office of Legal Counsel*
